IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ISAIAS SANTOS, III, | § | |
| SPN 00084694, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION H-12-0793 |
| | § | |
| FORT BEND COUNTY JAIL, *et al.*, | § | |
| Defendants. | § | |

OPINION ON DISMISSAL

Plaintiff, a detainee in the Fort Bend County Jail, has filed a civil rights suit pursuant to 42 U.S.C. § 1983, seeking access to a law library in the Fort Bend County Jail. (Docket Entry No.1). Plaintiff has also filed a motion to proceed *in forma pauperis*, which the Court will grant. (Docket Entry No.2).

Background

Public records show that plaintiff is charged with murder and capital murder of multiple persons in the 400th District Court of Fort Bend County, Texas. Fort Bend County Website.[1] Plaintiff is represented in each case by appointed counsel. *Id*.

Plaintiff complains in the pending action that he has been incarcerated in the Fort Bend County Jail since 2006, where he has been awaiting trial for five years and seven months. (Docket Entry No.1). He has been unable to view other cases similar to his and unable to review of file proper motions on his own behalf. (*Id*.). Plaintiff was informed in response to a grievance filed in December 2011, that Texas Jail Standards do not require correctional facilities to have a law library and that if he needed assistance with legal matters, plaintiff should speak

---

[1] *See* http://tylerpaw.co.fort-bend.tx.us/CaseDetail.aspx?CaseID=929819; http://tylerpaw.co.fort-bend.tx.us/CaseDetail.aspx?CaseID=924961  (viewed March 26, 2012).

with his attorney or request legal material from the chaplain. (*Id*., page 6). Plaintiff was informed of the same by Mark Wilson, Program Specialist of the Texas Commission on Jail Standards, in a letter dated January 10, 2012. (*Id.*, page 7).

Discussion

The Prison Litigation Reform Act requires that the district court review a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the Court must identify cognizable claims or dismiss the complaint or any portion thereof, if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B). In conducting that analysis, a prisoner's *pro se* pleading is reviewed under a less stringent standard that those drafted by an attorney and is entitled to a liberal construction that includes all reasonable inferences, which can be drawn from it. *Haines v. Kerner*, 404 U.S. 519 (1972).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). A complaint may be dismissed for failure to state a claim if the plaintiff does not allege enough facts to state a claim to relief that is "plausible" on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, ----, 129 S.Ct. 1937, 1949, 173

L.Ed.2d 868 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (*Id.*).

Prisoners, including pretrial detainees, have a constitutional right of adequate and meaningful access to the courts through adequate law libraries or assistance from legally trained personnel. *See, e.g., Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Bounds v. Smith*, 430 U.S. 817, 821-23 (1976); *Dickinson v. TX, Fort Bend County*, 325 Fed. App'x 389, 2009 WL 1407935 at *1 (5th Cir. 2009). The right to access is not unlimited. *See Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). The right encompasses only a "reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement." *Johnson v. Rodriquez*, 110 F.3d 299, 310-311 (5th Cir. 1997) (quoting *Lewis*, 518 U.S. at 356).

To state a claim for denial of access to the courts, a plaintiff must state facts showing an "actual injury." *See Lewis*, 518 U.S. at 352-53 (holding that actual injury is a constitutional prerequisite to maintaining a claim involving denial of access to the courts). The inmate shows "actual injury" by establishing that he lost an actionable claim or was prevented from presenting such a claim because of the alleged denial. *See id; Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (noting that inmate must establish that his "position as a litigant was prejudiced by his denial of access to the courts"). The "injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 353. Rather, plaintiff must demonstrate that the lack of access prevented him from filing or caused him to lose a pending case that attacks either his conviction or seeks "to vindicate basic constitutional rights" in a civil rights action. *Id.* at 353-54.

To the extent that plaintiff complains that his lack of access to a law library and legal materials had prevented him from conducting legal research for his criminal case, plaintiff

fails to state an actionable access-to-courts claim. When a criminal defendant is represented by counsel, he has no constitutional right of access to a law library in connection with his criminal proceedings. *See Caraballo v. Federal Bureau of Prisons*, 124 Fed. App'x 284, 285 (5th Cir. 2005) (federal inmate who had court-appointed counsel on direct appeal had no constitutional right of access to a law library in preparing his defense). Further, plaintiff fails to allege that he was deprived of an opportunity to present his relevant and non-frivolous issues to the state district court through his counsel; therefore, he fails to allege a "relevant actual injury" caused by the denial of access to the law library. Accordingly, plaintiff's complaint is frivolous and subject to dismissal.

## Conclusion

Based on the foregoing, the Court ORDERS the following:

1. Plaintiff's application to proceed *in forma paup*eris pursuant to 28 U.S.C. § 1915(e) is GRANTED. Plaintiff shall pay the entire $350.00 filing fee under 28 U.S.C. § 1915(b). The Officer in charge of the inmate's trust fund account in the Fort Bend County Jail and Sheriff's Department shall deduct twenty per cent (20%) of each deposit made to plaintiff's trust fund account when the account exceeds $10.00, and forward the funds to the Clerk on a regular basis in compliance with the provisions of 28 U.S.C. § 1915(b) until the fee has been paid.

    2.    Plaintiff's complaint is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).  All claims against all defendants are DENIED.

    3.    All other pending motions, if any, are DENIED.

The Clerk will provide a copy of this order by facsimile transmission, regular mail, or e-mail to the Officer in charge of the inmate's trust fund account at the Fort Bend County Jail and Sheriff's Department, 1404 Ransom Rd., Richmond, Texas 77469, and the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-strikes List.

SIGNED at Houston, Texas, this 4th day of June, 2012.

*[signature: Melinda Harmon]*

MELINDA HARMON
UNITED STATES DISTRICT JUDGE